IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE A. DREIBELBIS, JR., | : | No. 4:CV 05-2312 |
| Plaintiff | : | Judge Jones |
| v. | : | |
| TODD SCHOLTON, et al., | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

### September 18, 2006

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is Plaintiff Wayne A. Dreibelbis, Jr.'s Motion for Reconsideration (doc. 37) filed on June 20, 2006. Plaintiff moves this Court to reconsider our Order of June 7, 2006 (doc. 35) within which we granted the Defendants' Motion to Dismiss the Amended Complaint.

For the following reasons, the Motion (doc. 37) will be denied.

### PROCEDURAL HISTORY:

On November 7, 2005, Plaintiff Wayne A. Dreibelbis, Jr. ("Plaintiff" or "Dreibelbis") filed a complaint (doc. 1) against Defendants Scholton, Argiro, and Lesher. On December 12, 2005, Plaintiff filed an amended complaint (doc.5),

1

adding Defendant Ososkie as a party. On January 5, 2006 the Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint Pursuant to F.R.C.P. 12(b)(6) and for Summary Judgment Pursuant to F.R.C.P. 56. (Rec. Doc. 9). By Order dated June 7, 2006 (doc. 35) we granted the Motion, holding that the Plaintiff failed to state both a First Amendment retaliation claim and Fourteenth Amendment claim pursuant to Fed. R. Civ. P. 12(b)(6). Alternatively, we noted that the Defendants, all of whom are State College police officers, were entitled to qualified immunity from the Plaintiff's claims. Accordingly, we dismissed the Plaintiff's amended complaint as against all Defendants, and directed the Clerk to close the case.

## STANDARD OF REVIEW:

Motions for reconsideration should be granted sparingly as federal courts have a strong interest in the finality of judgments. Burger King Corp. v. New England Hood & Duct Cleaning Co., 2000 U.S. Dist. LEXIS 1022, at *2 (E.D. Pa. 2000). "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)).

"Accordingly, a judgment may be altered or amended if the party seeking

reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Abu-Jamal v. Horn, 2001 WL 1609761, at *9 (E.D. Pa. 2001). Likewise, a motion for reconsideration "may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." Piotrowski v. Federman and Phelan, LLP, 2005 U.S. Dist. LEXIS 39999, *4 (M.D. Pa. 2005)(Rambo, J.)

## DISCUSSION:

Within the Motion, Plaintiff alleges that this Court committed a clear error of law. Specifically, Plaintiff seems to allege that the public concern standard is not applicable to his First Amendment claim because the Plaintiff is not a public employee. However, Plaintiff then rather astonishingly argues that his conduct of

3

videotaping the police officers was a matter of public concern.[1] It is not clear, then, what Plaintiff relies upon in the instant motion. If Plaintiff stands by his argument that the public concern standard does not apply to his First Amendment claim because he is not a public employee, his inclusion of the various arguments supporting his conduct as a matter of public concern makes no sense. Further, we note that the case of <u>Eichenlaub v. Township of Indiana</u>, 385 F.3d 274 (3d Cir. 2004) which Plaintiff relies on in the instant Motion, is also cited by him in his brief in opposition to the motion to dismiss. It is clear that Plaintiff's present argument regarding the alleged inapplicability of the public concern standard was available to him while preparing his response to the motion to dismiss, however he failed to raise this argument at that time. A motion to reconsider is not, as aforestated, the appropriate medium to present arguments that could have been raised at a point prior to the entry of judgment.

Our review of the June 7, 2006 Order (doc. 35) issued by this Court confirms that our disposition of the motion to dismiss was entirely appropriate. As noted by us in the Order, even assuming <u>arguendo</u> that a First Amendment

---

[1] It is apparent to the Court from a review of Plaintiff's instant Motion (doc. 37) and his brief in opposition to the motion to dismiss (doc. 25) that much of Plaintiff's arguments have been "cut and pasted" from the latter to the former. We remind Plaintiff that the proper purpose for a motion to reconsider is to correct manifest errors of law or fact, and is *not* to be used as an attempt to re-argue issues previously raised.

violation occurred, the Defendants were entitled to qualified immunity because it was not clearly established that the destruction of a videotape recording of a parental custody transfer constituted a First Amendment violation. Accordingly, for the foregoing reasons we decline the invitation to grant the extraordinary remedy of reconsideration and shall deny the instant Motion.[2]

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Reconsideration (doc. 37) is DENIED.

John E. Jones III
United States District Judge

---

[2] We note that we decided the instant Motion on the merits, however Plaintiff's failure to file a supporting brief did provide this Court with the option to deem the Motion as withdrawn pursuant to L.R. 7.5. In the interests of judicial economy, we declined to deem the instant Motion as withdrawn and order the Plaintiff to re-file the Motion with a separate supporting brief, as required by the Local Rules. Instead, we recognized that Plaintiff intended his Motion (doc. 35) to suffice for his brief. However, we caution Plaintiff to follow more closely the letter of the Local Rules when filing future motions before this Court.